**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000434
18-APR-2019
08:26 AM**

NO. CAAP-18-0000434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


MH, Plaintiff-Appellant, v.
TA, Defendant-Appellee


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-P NO. 16-1-0222)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Appellant-Petitioner MH (**Father**) appeals *pro se* from the April 26, 2016 Order Upon Stipulation of the Parties Regarding Custody (**Custody Order**), entered by the Family Court of the Third Circuit (**Family Court**).[1]

Father raises three points of error on appeal, contending that the Family Court erred when: (1) it failed to find a rebuttable presumption of family violence; (2) it entered the Custody Order based on a stipulation of the parties because Father had timely objected to the Custody Order; and (3) it went off the record in order for a stipulation to be reached as to custody because the court gave Father a "Hobson's Choice" of

---

[1]     The Honorable Darien W.L. Ching presiding.

entering a stipulated custody agreement or going to trial on the issue of custody, which might have led to an even worse result.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Father's points of error as follows:

As a preliminary matter, Father's brief does not comply with Hawai'i Rules of Appellate Procedure Rule 28(b) in a variety of ways; this court has nevertheless attempted to address the merits of Father's appeal.

(1)  This appeal arises out of Father's Petition for Custody, Visitation, [and] Support Orders After Voluntary Establishment of Paternity, which was filed on December 16, 2016 (**Petition**).  In the Petition, Father sought legal and physical custody of the parties' two children, with reasonable visitation to Respondent-Appellee TA (**Mother**).  The Petition does not allege family violence.  It appears from the record that, at some point during the pendency of this case, the parties' children were placed in temporary foster custody, and then family supervision was put in place, in a separate family court proceeding. Although the record in this case is sparse, it seems that there was a very confrontational relationship between the parties and their families, which caused or contributed to the protective orders.  Nevertheless, Father cites no evidence or orders in the record supporting a rebuttable presumption in favor of Father and against Mother.  The Custody Order was entered after an agreement

2

was placed on the record at an April 6, 2018 hearing. Neither the transcript of that hearing nor the Custody Order include any indication of Father's objection based on family violence. To the contrary, both reflect that the parties agreed to the dismissal of orders for protection that were apparently entered under other family court case numbers. Accordingly, we conclude that Father's first point of error provides no grounds for relief in this appeal.

(2) After the parties' agreement as to custody and visitation was put on the record at the April 6, 2018 hearing, Mother's attorney filed a proposed form of order upon the stipulation on April 10, 2018. On April 13, 2018, Father filed "Objections" and requested a further evidentiary hearing, but did not identify what his objections were. The Family Court thereafter entered the Custody Order. On the record in this case, we cannot conclude that the Family Court erred in entering the Custody Order based on Father's unstated objections, after Father agreed to the terms of custody and visitation in open court.

(3) There is no indication in the record that Father's agreement, at the April 6, 2018 hearing, to shared custody and visitation, as later set forth in the Custody Order, was not voluntary. The Family Court read the terms of the parties' agreement into the record, both parties indicated their agreement, and no objections were raised. While Father may in fact have been concerned that, if the evidentiary hearing had proceeded, the terms and conditions of custody might have been

less favorable to Father, there is no support in the record for Father's assertion that the Family Court abused its discretion in essentially giving Father the choice of reaching an agreement with Mother or proceeding with the evidentiary proceeding and a judicial determination of custody.

For these reasons, the Family Court's April 26, 2018 Custody Order is affirmed.

DATED: Honolulu, Hawaiʻi, April 18, 2019.

On the brief:

Plaintiff-Appellant, *Pro Se.*

Presiding Judge

Associate Judge

Associate Judge